113 N.J. Super. 253 (1971)
273 A.2d 592
TRENTON AVIATION, INC., PETITIONER-APPELLANT,
v.
FRANK GERARD, DIRECTOR, DIVISION OF AERONAUTICS, DEPARTMENT OF TRANSPORTATION, STATE OF NEW JERSEY, AND U.S. STEEL COMPANY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1970.
Decided February 1, 1971.
*254 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. William J. Walsh argued the cause for appellant (Messrs. Scott, Fox & Walsh, attorneys).
Mr. Roger L. Hillman, Deputy Attorney General, argued the cause for respondent, Frank Gerard, Director, Division of Aeronautics (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
Mr. William T. Sutphin argued the case for respondent, U.S. Steel Corporation (Messrs. Stryker, Tams & Dill, attorneys).
The opinion of the court was delivered by LEONARD, J.A.D.
Plaintiff appeals pursuant to R. 2:2-3 (a) (2) from the failure and refusal of the Director of the Division of Aeronautics, Department of Transportation (hereafter Director) to hold a public hearing prior to his issuance of a Fixed Base Operator's License, No. 0-53, to the United States Steel Corporation, Aircraft Division (hereafter U.S. Steel). This license authorized U.S. Steel to conduct the type of operation known as "Aircraft Maintenance or Repair *255 Shop" at the Mercer County Airport, Trenton, N.J. (hereafter airport).
Plaintiff presently is one of four fixed base operators located at the airport and has been so engaged for the past seven years.
Since 1961 U.S. Steel has maintained aircraft engine and airframe maintenance facilities at the airport for the maintenance, servicing and repair of its own aircraft. However, having decided that it should engage in the business of servicing aircraft owned by others, it made application on July 31, 1970 to the Division of Aeronautics, Department of Transportation for a fixed base operator's license.
Plaintiff's president, John P. Becker, asserts that on September 9, 1970 he personally advised the Director that his company objected to the license sought by U.S. Steel and was told to put his position in writing. Accordingly, the next day at or about 8:30 A.M. Becker hand-delivered a letter to the Director's office setting forth these objections and requesting a hearing before the license was issued. That morning the Director was engaged elsewhere and he did not arrive in his office until after 11 A.M. Consequently he did not see plaintiff's letter until after the license had been mailed to U.S. Steel. He stated that he would attempt to retrieve it from the mailroom prior to delivery and apparently he made an effort to do so but was unsuccessful.
Thereafter, considerable discussions and conferences took place among the Director, counsel for plaintiff and a representative of the Attorney General as to whether a hearing would be held concerning the issuance of the license to U.S. Steel. As a matter of fact, the Director did schedule a hearing for October 27, 1970. However, a dispute arose between the parties as to the scope of that hearing. Plaintiff insisted that the inquiry be as to whether the license should be granted to U.S. Steel in the first instance. Thus, it requested a stay of the operative features of the license pending the hearing. On the other hand, the Director insisted that the license was "lawfully and legally" issued, refused *256 the requested stay and stated that the purpose of the hearing would be to determine whether the license should be "revoked, amended or annulled." In any event the hearing was not held and plaintiff instituted its original action in the Superior Court, Chancery Division for injunctive relief, followed by the present appeal.
The single issue before us is whether a hearing is required prior to the issuance of a fixed base operator's license by the Division of Aeronautics, Department of Transportation.
Title 6 of the New Jersey Statutes Annotated, among other things, created the State Department of Aviation, the State Aviation Commission and the office of State Director of Aviation. N.J.S.A. 6:1-22. (In 1966 the functions, powers and duties of the Department of Aviation were transferred to and vested in the Department of Transportation. N.J.S.A. 27:1A-3). Their powers and duties are prescribed in full by subsequent subsections of the statute. N.J.S.A. 6:1-31 provides:
It shall be the duty of the commission to hold public hearings on matters affecting aeronautics; to conduct investigations, inquiries and hearings concerning matters covered by the provisions of this chapter; * * *. (emphasis added)
The term "aeronautics" is defined in N.J.S.A. 6:1-21(a) as follows:
"Aeronautics" means avigation of or transportation by aircraft; air instruction; the operation, repair or maintenance of aircraft, aircraft power plants and accessories; and the design, construction, repair, maintenance, operation or management of airports, landing fields, landing strips and other avigational facilities. (emphasis added)
Subsection (j) definies "fixed base operator" in the following manner:
Fixed base operator means any person engaged in giving, offering to give, advertising, representing or holding himself out as giving, to the public, with or without compensation or other reward, air instruction and any person engaged in the following types of operation: *257 flying club; dusting, spraying and seeding by aircraft; aircraft maintenance or repair shop, banner towing and intrastate air carriers, * * *. (emphasis added)
N.J.S.A. 6:1-44 provides for the commission's licensing of, among others, fixed base operators, by rules, regulations and orders "adequate to protect the public health and safety and the safety of those participating in aeronautical activities; * * *."
Under the above statutes it clearly appears that the granting of a fixed base operator's license is a "matter affecting aeronautics." Thus, we conclude that these statutes mandate that a hearing be held prior to the issuance of such a license. They have been so construed in Penna. R.R. Co. v. N.J. State Aviation Comm., 2 N.J. 64 (1949).
In that case the court, after reviewing the pertinent sections of Title 6, held:
the power to license airports conferred by the act under review is quasi judicial, for its exercise is expressly conditioned upon the ascertainment of the operative facts from evidence adduced at a public hearing. (at 68) (emphasis added)
The court further noted that "[T]he right to a hearing may arise by implication from the legislative expression." (at 71).
The Director argues that Penna. R.R. Co., supra, is not applicable because it concerned an issue of whether the intended location of the airport was a potential threat to public safety, whereas in the instant case, the only issue is competition to the objector. This contention lacks merit. The purpose of this act (N.J.S.A. 6:1-20, et seq.) is:
to provide complete and effective regulation of all aeronautics and persons engaged therein in order to promote the safety not only of the * * * people of the State but also in the interest of assuring safety for the participants themselves. (Statement accompanying act, Ch. 48 of the Laws of 1938). See N.J.S.A. 6:1-44.
The complete and effective regulation of the repair and maintenance of airplane engines and frames and the other *258 occupations delineated under the definition of "fixed base operator" (N.J.S.A. 6:1-21(j)) is as necessary to the promotion of the safety of the public and of those participating in aeronautical activities as is the regulation of all the other activities included under the definition of the term "aeronautics" (N.J.S.A. 6:1-21(a)). Without safe airplanes there cannot be safe flying.
A hearing will afford all interested parties, including competitors now operating similar facilities at the airport, an opportunity to present proofs. In this way the safety features of the proposed fixed base operation and the public welfare will be more thoroughly protected than would be the case if the issuance of the license is solely supported by information received in answer to a questionnaire supplemented by the agency's investigation and inspection.
The hearing mandated herein shall be conducted in accordance with the provisions of N.J.S.A. 6:1-52 and N.J.S.A. 52:14B-9 and 10 and the Director shall make detailed findings of fact and conclusions of law as therein directed.
Reversed.